UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RUBEN BADILLO CRUZ,

                Petitioner,                Case No. 1:25-cv-1499

v.                                       Honorable Paul L. Maloney

KEVIN RAYCRAFT et al.,

                Respondents.
_____/

## **ORDER**

Petitioner initiated this action on November 20, 2025, by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) When Petitioner filed his petition, he was detained by the United States Immigration and Customs Enforcement (ICE) at the North Lake Processing Center in Baldwin, Lake County, Michigan.

In an order entered on November 21, 2025, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus requested by Petitioner should not be granted. (ECF No. 3.) On December 1, 2025, Respondents filed a motion to dismiss for mootness (ECF No. 4) and memorandum in support thereof (ECF No. 5). In their motion, Respondents represent that Petitioner was released from custody on November 24, 2025. (ECF No. 5, PageID.20.) According to Respondents, Petitioner has now received the relief requested in his § 2241 petition, rendering the petition moot. (*Id.*, PageID.22.) Petitioner has filed a response, stating that he "does not object to the motion filed by [Respondents] and requests to dismiss the [p]etition based on mootness." (ECF No. 7, PageID.27.)

The Supreme Court has held that under Article III, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (citations omitted). A case becomes moot "when the issues presented are no longer 'live' *or* the parties lack a legally cognizable interest in the outcome." *Gottfried v. Med. Planning Servs., Inc.*, 280 F.3d 684, 691 (6th Cir. 2002) (emphasis in original) (citing *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1978)).

Federal courts may exercise habeas jurisdiction when a petitioner alleges that he or she is "in custody" in violation of federal law. *See* 28 U.S.C. § 2241(c)(3). As set forth above, in his § 2241 petition, Petitioner challenged his continued detention by ICE. Petitioner, however, was released from ICE detention. The Court, therefore, cannot grant the relief that Petitioner seeks— either release from custody or a bond hearing before an immigration judge. *See Enazeh v. Davis*, 107 F. App'x 489, 491 (6th Cir. 2004). Petitioner's request for such relief became moot on November 24, 2025, when he was released from ICE detention. *See Al-Khawalani v. U.S. Dep't of Homeland Security*, No. 2:19-cv-182, 2020 WL 1990965, at *1 (W.D. Mich. Apr. 1, 2020), *report and recommendation adopted*, 2020 WL 1986485 (W.D. Mich. Apr. 27, 2020). The Court, therefore, will grant Respondents' motion to dismiss (ECF No. 4) and dismiss Petitioner's § 2241 petition as moot.

Accordingly, for the reasons set forth above,

**IT IS ORDERED** that Respondents' motion to dismiss (ECF No. 4) is **GRANTED**, and the Court will issue a judgment dismissing Petitioner's petition for writ of habeas corpus (ECF No. 1) without prejudice as moot.[1]

Dated:   December 5, 2025                                /s/ Paul L. Maloney
                                                             Paul L. Maloney
                                                             United States District Judge

---

[1] In § 2241 cases involving immigration detainees, the Court need not address whether to grant a certificate of appealability. *See Ojo v. I.N.S.*, 106 F.3d 680, 681 (5th Cir. 1997).